UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
THE GETAWAY 151, LLC,

                            Plaintiff,

               - against -                     **NOTICE OF REMOVAL**

ACE PROPERTY AND CASUALTY             25 Civ. _____
INSURANCE COMPANY,

                          Defendant.
-----------------------------------------------------------------------x

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

       Defendant ACE PROPERTY AND CASUALTY INSURANCE COMPANY ("Ace") hereby files this Notice of Removal of the above-captioned action, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, from the Supreme Court of the State of New York, County of New York, Index No. 650747/2025, to the United States District Court for the Southern District of New York. In support of removal, Defendant respectfully states as follows:

       1.     On February 7, 2025, Plaintiff THE GETAWAY 151, LLC ("Plaintiff") filed a Summons and Complaint in the Supreme Court of the State of New York, County of New York, bearing Index Number 650747/2025 (the "State Court Action"). A copy of the Summons and Complaint in the State Court Action is annexed hereto as Exhibit A.

       2.     The Summons and Complaint in the State Court Action was served on Ace, via the New York Department of Financial Services ("DFS"), on March 24, 2025. DFS mailed Notification of Service to Ace, c/o C.T. Corporation (its Registered Agent), on March 26, 2025, and said Notification of Service was received by C.T. Corporation on March 28, 2025. A copy of DFS' Notification of Service is annexed hereto as Exhibit B.

3. This Notice of Removal is, therefore, timely since it has been "filed within thirty days after the receipt by [] Defendant[s], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief…," as required by 28 U.S.C. § 1446(b).

4. The Summons and Complaint in the State Court Action constitutes all of the processes, pleadings, and orders filed or served in the State Court Action.

5. The Complaint in the State Court Action constitutes the initial pleading for purposes of removal under 28 U.S.C. § 1446(b) as it provides the necessary alleged facts to support this removal.

6. Defendant has not yet answered or appeared in the State Court Action and its time to answer or move with respect to the Complaint therein has not yet expired.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action seeking damages where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

8. Plaintiff is a limited liability company existing and operating under the laws of the State of New York, with a principal place of business at 679 Riverside Dr. W 151st Street, New York, NY 10031, also known as 743 Riverside Drive, New York, NY 10031. Upon information and belief, the member of the LLC is David Shargani who is a resident and citizen of the State of New York.

9. Defendant Ace is now, and was at the time the State Court Action was commenced, a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania 19106.

10. Accordingly, the citizenship of the parties is diverse.

11.     The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of the Summons and Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

12.     A removing defendant need show only "a '*reasonable probability*' that the claim is in excess of the statutory jurisdictional amount" of $75,000 [--] [a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *GW Holdings Grp., LLC v. U.S. Highland, Inc.*, 794 F. App'x 49, 50 (2d Cir. 2019) (quoting *Tongkook Am., Inc. v. Shimpton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 2004)) (emphasis added); *see also*, *Sigma Equip. Corp. v. Rocky Mountain Body Works & Co.*, No. 22-CV-02164 (PMH), 2022 WL 831822, at *1 (S.D.N.Y. Mar. 21, 2022) (accord).

13.     In determining the amount in controversy, a district court should first review the allegations in the initial pleading and then look to Defendant's petition for removal. *Henry v. Warner Music Grp. Corp.*, No. 13 CIV. 5031 (PGG), 2014 WL 1224575, at *3 (S.D.N.Y. Mar. 24, 2014) (citing *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957)).

14.     In its Summons and Complaint, Plaintiff alleges that it is the owner of the property located at "679 Riverside Dr. W 151st St., New York, NY 10031, also known as 743 Riverside Drive, New York, New York and also referred to as W 151st Arcade, New York (corner of Riverside Drive and West 151st Street" (the "Premises").

15.     Plaintiff alleges money damages for breach of contract arising out of and relating to Ace's denial of Plaintiff's insurance claim for damages allegedly sustained to the Premises.

Plaintiff further alleges that it believes its damages "to exceed Seven Hundred Fifty Thousand ($750,000.00) dollars" (the "Loss").

16. Given the extent of claimed damages for the Loss alleged in the State Court Action, it is facially apparent from the Summons and Complaint that the amount in controversy exceeds the jurisdictional minimum. *See*, *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621, 625 (S.D.N.Y. 2004) (holding there is a "rebuttable presumption that the amount of damages alleged in the complaint is a good faith representation of the amount in controversy").

17. The United States District Court for the Southern District of New York maintains jurisdiction over the place where the State Court Action is pending. 28 U.S.C. §§ 112(d), 1441(a).

18. By reason of the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and the action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

19. Written notice of the filing of this notice of removal will be given to Plaintiff and a true copy of this notice of removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York, as provided by law.

## NON-WAIVER OF DEFENSES

20. By removing this action from the Supreme Court of the State of New York, County of New York, Defendant does not waive any defenses.

21. By removing this action from the Supreme Court of the State of New York, County of New York, Defendant does not admit any of the allegations in Plaintiff's Summons and Complaint.

**WHEREFORE**, Defendant Ace Property and Casualty Insurance Company removes the above-captioned action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York.

Dated: New York, New York
April 10, 2025

                                    Respectfully submitted,

                                    MOUND COTTON WOLLAN & GREENGRASS LLP

                              By: *Costantino P. Suriano*
                                  Costantino P. Suriano, Esq.
                                  Robert S. Goodman, Esq.
                                  Harold J. Scheeren, Esq.
                                  One New York Plaza, 44th Floor
                                  New York, New York 10004
                                  Tel: 212-804-4200
                                  Email: csuriano@moundcotton.com
                                  Email: rgoodman@moundcotton.com
                                  Email: hscheeren@moundcotton.com

                                  *Attorneys for Defendant*

TO: Daniel E. Hirschel, Esq.
     HIRSCHEL PLLC
     Attorneys for Plaintiff
     515 Rockaway Avenue, 2nd Floor
     Valley Stream, New York 11581
     Tel: (516) 742-7070