**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---------------------------------------------------------------X

THE GETAWAY 151, LLC,

Plaintiff,

-against-

ACE PROPERTY AND CASUALTY INSURANCE COMPANY,

Defendant.

---------------------------------------------------------------X

Index No. /2025

Date Purchased: February 7, 2025

**SUMMONS**

Plaintiffs designate New York County as the place of Trial.

Basis of the venue designated is Plaintiff's principal place of business, located within New York County, New York.

To the above named Defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: Valley Stream, New York
February 7, 2025

HIRSCHEL PLLC
*Attorneys for Plaintiff*
515 Rockaway Avenue, 2nd Floor
Valley Stream, New York 11581
(516) 742-7070

Defendant's Address:

ACE Property and Casualty Insurance Company
c/o New York State Department of Financial Services

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

------------------------------------------------------------ x

THE GETAWAY 151, LLC,

Plaintiff(s),

-against-

ACE PROPERTY AND CASUALTY INSURANCE COMPANY,

Defendant(s).

------------------------------------------------------------ x

Index No: /2025

**COMPLAINT**

Plaintiff, THE GETAWAY 151, LLC (hereinafter "Plaintiff"), by its attorneys HIRSCHEL PLLC, as and for its Complaint, herein allege as follows:

**PARTIES**

1. At all times hereinafter mentioned, Plaintiff was and is a domestic limited liability company duly organized and existing under the laws of New York.

2. At all times hereinafter mentioned, Defendant Ace Property and Casualty Insurance Company (hereinafter "Defendant") was and is a foreign corporation duly organized and existing under the laws of Pennsylvania.

**VENUE**

3. Venue is appropriate in the County of New York because it is the County in which the plaintiff maintains its principal place of business.

**AS AND FOR A FIRST CAUSE OF ACTION ON THE COMPLAINT**

4. At all times herein mentioned, Defendant was authorized by the State of New York Superintendent of Insurance and/or Department of Financial Services to issues policies of insurance in the State of New York, including the policy issued to the Plaintiff.

5. At all relevant times, Plaintiffs owned the property located at 679 Riverside Dr. W 151st St., New York, NY 10031 also known as 743 Riverside Drive, New York, New York and also referred to as W 151st Arcade, New York, New York (corner of Riverside Drive and West 151st Street) (hereinafter, the "Plaintiff's premises").

6. Prior to October 10, 2024, Defendant, for good and valuable consideration, made and issued a certain policy of insurance to Plaintiff, bearing number D97180532, wherein and whereby it did insure Plaintiff's premises against loss to their property for loss caused by or relating to a covered cause of loss, including damage resulting from a city bus driving over a sidewalk causing water damages to the Plaintiff's premises.

7. At all times herein, Plaintiff had an insurable interest in the Plaintiff's premises.

8. On or about March 25, 2024, while the aforesaid policy was in full force and effect, Plaintiff suffered a loss to the Plaintiff's premises, personal property, and loss of income due to damage alleged, which is a covered cause of loss.

9. Defendant has failed to reimburse Plaintiff for any of the damages suffered to Plaintiff's premises, personal property, and loss of income.

10. Although Plaintiff timely submitted a claim to Defendant under the policy of insurance, Defendant failed to pay the aforesaid loss, although duly demanded.

11. By letter dated December 10, 2024, Defendant issued a Declination of Coverage, denying each and every claim of the Defendant.

12. Plaintiff has complied with all of the conditions precedent and subsequent pursuant to the terms of the subject policy of insurance.

13. Defendant's failure to compensate Plaintiff for the damage suffered to Plaintiff's premises, personal property, and loss of income constitutes a breach of contract.

14. As a result of said breach, Plaintiff suffered damages in an amount to be determined but believe to exceed Seven Hundred Fifty Thousand ($750,000.00) dollars.

**WHEREFORE**, Plaintiff demands judgment on the First Cause of Action against Defendant in an amount to be determined but believe to exceed Seven Hundred Fifty Thousand ($750,000.00) dollars; together with interest from the date of loss of March 25, 2024, including costs and disbursements and for such other and further relief as to which this Court deems just and proper.

Dated: Valley Stream, New York
February 7, 2025

HIRSCHEL PLLC
*Attorneys for Plaintiff*

By: ______________________
Daniel Hirschel
515 Rockaway Avenue, 2nd Floor
Valley Stream, New York 11581
(516) 742-7070