UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE GETAWAY 151, LLC,<br><br>                                        Plaintiff,<br><br>            -v-<br><br>ACE PROPERTY AND CASUALTY INSURANCE CO.,<br><br>                                        Defendant. | 25 Civ. 2975 (PAE)<br><br><u>OPINION & ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

Plaintiff The Getaway 151 LLC ("Getaway") has moved for leave to amend the Complaint to add INC Insurance Services ("INC") as a defendant and remand the matter to state court. Dkt. 18. For the reasons that follow, that motion, which is unopposed, is granted.

## I.    Procedural History

On February 7, 2025, Getaway initiated this action in New York State Supreme Court in Manhattan. Dkt 1–1. The Complaint alleged that defendant ACE Property and Casualty Insurance Company ("ACE") had issued Getaway an insurance policy covering 679 Riverside Drive, New York, NY 10031—a property leased by Getaway. *Id.* It further alleged that ACE failed to reimburse Getaway for loss from water damage to the property, which resulted from a city bus driving over the sidewalk above Getaway's roof. *Id.* On April 10, 2025, ACE removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1. On May 16, 2025, ACE filed its answer. Dkt. 8. On June 27, 2025, the Court held an initial pretrial conference, Dkt. 11, and issued a case management plan governing discovery, Dkt. 13.

On September 5, 2025, Getaway filed the present motion for leave to amend its Complaint under Federal Rule of Civil Procedure 15(a)(2). Dkt. 18. Getaway sought to add INC—which it alleged had been either an insurance agent or broker with respect to the insurance

policy in question—to the action as a defendant. Dkt. 20 ("Getaway Br."), at 2. Getaway noted

that, were the motion granted, the case should be remanded to state court because the addition of

INC, a New York corporation, would destroy diversity jurisdiction, as Getaway is a New York

limited liability company. *Id.* at 3. On September 22, 2025, ACE filed its response. Dkt. 22

("ACE Response"). ACE stated that it "takes no position on the merits" of the motion, but made

the discrete point—based on "documentary evidence submitted by" Getaway—that INC is a

"broker, not an agent of ACE," and thus that Getaway's proposed amended complaint was

inaccurate as to that particular issue. *Id.* at 1.

## II.     Discussion

Federal Rules of Civil Procedure 15 and 21 "together supply the legal standard applicable

to a motion to add a party." *Diggs v. Marikah*, No. 11 Civ. 6382 (PAE), 2013 WL 227728, at *2

(S.D.N.Y. Jan. 22, 2013). Rule 15(a)(2) states that "a party may amend its pleading only with

the opposing party's written consent or the court's leave," and that "[t]he court should freely give

leave when justice so requires." Rule 21 specifically governs amendments to add or remove

parties. It states that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ.

P. 21. Courts considering motions to add a party apply a "liberal standard," *Waite v. UMG*

*Recordings, Inc.*, 477 F. Supp. 3d 265, 269 (S.D.N.Y. 2020), in accordance with the policy of the

Federal Rules that favors "entertaining the broadest possible scope of action consistent with

fairness to the parties," *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Where, as here, a proposed amendment would divest the court of subject-matter

jurisdiction, 28 U.S.C. § 1447(e) governs, and requires a more rigorous analysis. *See Gursky v.*

*Nw. Mut. Life Ins. Co.*, 139 F.R.D. 279, 281 (E.D.N.Y. 1991). Section 1447(e) states: "If after

removal the plaintiff seeks to join additional defendants whose joinder would destroy subject

matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the

State court." Courts in this Circuit conduct a two-step analysis in assessing whether joinder of a

defendant is proper under Section 1447(e). First, courts consider whether joinder is proper under

Federal Rule of Civil Procedure 20, which permits a joinder of multiple defendants in one action

if the plaintiff asserts against them "any right to relief . . . with respect to or arising out of the

same transaction, occurrence, or series of transactions or occurrences," and "any question of law

or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see Nazario*

*v. Deere & Co.*, 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003). Second, if joinder is proper under

Rule 20, courts "weigh the competing interests in efficient adjudication and the need to protect

diversity jurisdiction from manipulation." *Wyant v. Nat'l R.R. Passenger Corp.*, 881 F. Supp.

919, 922 (S.D.N.Y. 1995). They consider these factors: "(1) any delay, as well as the reason for

delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple

litigation; and (4) plaintiff's motivation for the amendment." *Nazario*, 295 F. Supp. 2d at 363.

"Diversity-destroying joinder is permitted when the factors weigh in the moving party's favor."

*Id.*

Here, Getaway's proposed joinder of INC satisfies Rule 20(a)(2). At issue in this case is

whether an insurance policy covers structural damage to Getaway's property. *See* Dkt. 10.

Getaway alleges that this dispute implicates INC because INC represented to Getaway that "the

policy of insurance included coverage for structural damage." Getaway Br. at 1. Getaway adds

that there are implications as to liability depending on whether INC acted as an insurance broker

or an agent: if INC was "acting as an agent of [ACE], [ACE] would assume the liability of its

negligence," but if INC was acting as "a broker for [Getaway], then its negligence would become

an issue with respect to the potential liability and damages for claims against the [ACE]." *Id.*

at 2. Because Getaway's right to relief against ACE and INC arises from the same transaction or

occurrence (its claims under the insurance policy and the representations made as to that policy)

and because there are common questions of law or fact with respect to Getaway's claims against

the two entities (*e.g.*, the nature and extent of the damage to Getaway's property, the scope of the

policy coverage, and statements made regarding the policy), permissive joinder under Rule 20 is

proper. *See, e.g.*, *M.S.S. Constr. Corp. v. Century Sur. Co.*, No. 15 Civ. 2801, 2015 WL

6516861, at *6 (S.D.N.Y. Oct. 28, 2015) (joinder proper where plaintiff's right to relief against

all three defendants arose from "the procurement and issuance" of an "insurance policy");

*Abraham Natural Foods Corp. v. Mount Vernon Fire Ins. Co.*, 576 F. Supp. 2d 421, 424

(E.D.N.Y. Sept. 18, 2008) (joinder proper where "the case against each of the defendants arises

out of the process of obtaining an insurance policy," because both claims will "look to the text of

the policy and the manner in which the policy was obtained").

The fairness factors also favor granting leave to amend.

*(1) Plaintiff's Delay*: "Delay in seeking amendment is measured from the date of

removal." *Nazario*, 295 F. Supp. 2d at 363. Getaway sought leave to amend on September 5,

2025—some five months after the date of removal, April 10, 2025. Generally, a five-month

delay weighs against joinder. *See id.* (denying leave to amend where "plaintiff's decision to wait

five months to bring this motion is without justification"). Getaway explains that it moved to

amend based on findings it made while preparing its Rule 26 Disclosure, which revealed the

possibility of claims against INC. Dkt. 19, at 2. Information surfaced during discovery often

justifies amendments to pleadings. *See, e.g.*, *Rodriguez by Rodriguez v. Abbott Lab'ys*, 151

F.R.D. 529, 533 (S.D.N.Y. 1993) (granting leave to amend where "[i]t was only during

discovery" that plaintiff learned of party's "role in causing her injuries"); *Aigeltinger v. Target*

*Corp.*, 642 F. Supp. 3d 274, 281 (N.D.N.Y. 2022) (same, where plaintiff was "unaware of [the party's] involvement in this matter, or even their existence, prior to discovery"); *Duin v. CEM W. Vill., Inc.*, No. 18 Civ. 10249, 2020 WL 3249214, at *3 (S.D.N.Y. June 16, 2020) (same). But in such cases, unlike here, the information obtained during discovery was in the hands of the opposing party, not the movant. *See id.* And, as ACE notes, the amendment here was sought over one month after the deadline to amend or join additional parties in the Court's case management plan and scheduling order. *See* ACE Response at 1 n.1 (citing Dkt. 13). Nonetheless, as discussed below, Gateway's delay in moving is not fatal, because ACE has not been prejudiced by it. *See, e.g., Abraham Natural Foods Corp.*, 576 F. Supp. 2d at 425 (granting motion to amend, despite "[t]he fact that the plaintiff was still learning important new information . . . six months after its complaint was filed does not reflect well on the plaintiff's diligence").

*(2) Prejudice to Defendant*: In assessing prejudice to the nonmovant, courts consider factors such as how far along the case has progressed, whether the proposed amendment would significantly expand the scope of discovery, and whether remand would require the defendant "to revise or abandon a litigation strategy for which resources have already been expended." *Nazario*, 295 F. Supp. 2d at 364.

Crucially, here, ACE has not opposed Getaway's motion insofar as it seeks to add INC as a defendant. ACE takes issue only with Getaway's characterization of INC as an agent rather than a broker. *See* ACE Response at 1 ("ACE takes no position on the merits as to whether the Court should grant or deny Plaintiff's motion . . . ."). ACE's non-opposition suggests that it would not be prejudiced from adding INC and thus strongly favors granting Getaway's motion. *See, e.g., Black v. Cakor Rest., Inc.*, No. 22 Civ. 1447, 2022 WL 17689840, at *4 (S.D.N.Y. Dec.

15, 2022) (granting leave to amend complaint where defendants "have not objected"); *Sosa v. Bentis Fresh Bread Inc.*, No. 2 Civ. 4705, 2021 WL 4267528, at *2 (S.D.N.Y. Sept. 20, 2021) ("When a motion for leave to amend a complaint is unopposed, the motion may be granted on that basis."); *AIU Ins. Co. v. Mitsui O.S.K. Lines, Ltd.*, 897 F. Supp. 724, 726 (S.D.N.Y. 1995) ("Defendant's motion to amend its answer is unopposed, so leave to amend is granted.").

Notably, too, ACE does not contend that adding INC would significantly expand the scope of discovery or require ACE to abandon a litigation strategy. Because INC's involvement in the dispute centers on the same insurance policy that has already been the focus of discovery, limited additional factfinding should be occasioned by INC's joinder. *See, e.g.*, *Ginsberg v. Gov't Props. Tr., Inc.*, No. 7 Civ. 365, 2008 WL 3833876, at *2 (S.D.N.Y. Aug. 13, 2008) (amendment would not prejudice nonmovant where it "ar[ose] out of the same agreement that is the subject of the underlying complaint—thereby minimizing the need for significant additional discovery"); *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (same, where amendment did not "raise factual claims unrelated to the events" in the original complaint); *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 8 Civ. 9116, 2009 WL 1357946, at *5 (S.D.N.Y. May 12, 2009) (same, where "the legal issues raised by the proposed amendment and likely defenses overlap considerably with those involved in the original claims"). And, at the time Getaway sought leave to amend, "no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants," *State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981), further mitigating any harm resulting from Getaway's delay. This factor favors Getaway's motion.

*(3) Likelihood of Multiple Litigation*: Joinder of INC will not spawn multiple litigation. On the contrary, denial of joinder could well prompt Getaway to file a separate action against

INC in state court, resulting, inefficiently, in parallel litigation. *See, e.g.*, *Cooper v. Trs. of Coll. of Holy Cross*, No. 13 Civ. 8064, 2014 WL 2738545, at \*9 (S.D.N.Y. June 17, 2014) (granting motion to amend where declining to allow joinder "could result in [p]laintiff filing a separate action in state court"); *Grogan v. Babson Bros. Co. of Ill.*, 101 F.R.D. 697, 700 (N.D.N.Y. 1984) ("If this motion were denied it would necessitate the continuance of parallel cases resulting in a great waste of judicial resources."). This factor therefore also favors Getaway's motion.

*(4) Plaintiff's Motivation*: There is no reason to believe that Getaway's motivation in seeking to join INC is "fraudulent or improper." *Soto v. Barnitt*, No. 00 Civ. 3453, 2000 WL 1206603, at \*3 (S.D.N.Y. Aug. 23, 2000). This factor thus favors Getaway's motion. *See id.*; *Wyant*, 881 F. Supp. at 923 (joinder favored where "plaintiffs appear to be motivated not solely by a desire to defeat diversity jurisdiction, but rather by a good faith desire to seek recovery from those parties they contend are liable to them"); *Gursky*, 139 F.R.D. at 283 (same).

Because joinder is proper under Rule 20(a) and the fairness factors weigh in favor of Getaway's motion, the Court finds joinder permissible under Section 1447(e). The Court notes ACE's objection as to the characterization of INC as an agent, rather than a broker. But that factual dispute, which will require discovery to resolve, does not bear on the joinder analysis.

Because Getaway (a New York limited liability company) and INC (a New York corporation) are both citizens of New York, Getaway Br. at 3, the parties are no longer diverse. The joinder thus divests the Court of subject-matter jurisdiction. *See Briarpatch Ltd. v. Phx. Pictures, Inc.*, 373 F.3d 296, 302–03 (2d Cir. 2004). Accordingly, the Court must remand the case to state court. *See, e.g., Wilson v. Famatex GmbH Fabrik Fuer Textilausruestungsmaschinen*, 726 F. Supp. 950, 953 (S.D.N.Y. 1989); *Shaw v. Munford*, 526 F. Supp. 1209, 1215 (S.D.N.Y 1981); *Soto*, 2000 WL 1206603, at \*3.

## CONCLUSION

For the foregoing reasons, the Court grants the motion for leave to amend.  The Court respectfully directs the Clerk of Court to terminate the motion at Docket 18.

Getaway is directed to file and serve an amended complaint, consistent with this decision, within thirty (30) days.  Immediately upon the filing and service of the amended complaint, the Clerk of Court is respectfully directed to remand the case to the Supreme Court of New York (New York County).

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: October 14, 2025
       New York, New York