**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

THE GETAWAY 151, LLC,

Plaintiff(s),

-against-

ACE PROPERTY AND CASUALTY INSURANCE COMPANY and I.N.C. INSURANCE SERVICES, INC. doing business as INC INSURANCE SERVICES, INC.,

Defendant(s).

---------------------------------------------------------------- x

Docket No. 1:25-cv-02975

**AMENDED COMPLAINT**

Plaintiff, THE GETAWAY 151, LLC (hereinafter "Plaintiff"), by its attorneys HIRSCHEL PLLC, as and for its Amended Complaint, herein allege as follows:

**PARTIES**

1. At all times hereinafter mentioned, Plaintiff was and is a domestic limited liability company duly organized and existing under the laws of New York.

2. At all times hereinafter mentioned, Defendant Ace Property and Casualty Insurance Company (hereinafter "Defendant Ace") was and is a foreign corporation duly organized and existing under the laws of Pennsylvania.

3. At all times hereinafter mentioned, Defendant I.N.C. Insurance Services, Inc. (hereinafter "Defendant INC") was and is a domestic corporation duly organized and existing under the laws of Pennsylvania.

4. At all times herein mentioned, upon information and belief, Defendant INC conducts its business under the name: INC Insurance Services Inc.

## VENUE

5. Venue is appropriate in the County of New York because it is the County in which the plaintiff maintains its principal place of business.

## AS AND FOR A FIRST CAUSE OF ACTION ON THE COMPLAINT

6. At all times herein mentioned, Defendant Ace was authorized by the State of New York Superintendent of Insurance and/or Department of Financial Services to issues policies of insurance in the State of New York, including the policy(ies) issued to the Plaintiff.

7. At all relevant times, Plaintiff owned the property located at 679 Riverside Dr. W 151st St., New York, NY 10031 also known as 743 Riverside Drive, New York, New York and also referred to as W 151st Arcade, New York, New York (corner of Riverside Drive and West 151st Street) (hereinafter, the "Plaintiff's premises").

8. Upon information and belief, Defendant INC is an insurance broker with respect to the subject policy(ies).

9. Upon information and belief, Defendant INC is an insurance agent with respect to the subject policy(ies).

10. On or about March 24, 2022, Plaintiff executed a license agreement with the New York City Department of Parks and Recreation related to the Plaintiff's premises.

11. Pursuant to Section 20 of the License Agreement, Plaintiff was required to maintain certain insurance for its benefit, with the New York City Department of Parks and Recreation named as an additional insured.

12. Upon executing the license agreement, Plaintiff forwarded it to Defendant INC to assess and determine the coverage that was required under the policy.

13. Plaintiff was advised by its contact(s) at Defendant INC that it had reviewed the policy with the Defendant Ace, and that based on Defendant INC's conversation with Defendant Ace, a determination was made as to the exact coverage(s) that were required under license agreement.

14. Defendant Ace, for good and valuable consideration, made and issued a certain policy of insurance to Plaintiff, bearing number D97180532, wherein and whereby it did insure Plaintiff's premises against loss to their property for loss caused by or relating to a covered cause of loss, including damage resulting from a city bus driving over a sidewalk causing water damages to the Plaintiff's premises.

15. Defendant Ace subsequently issued policy D97180532 which Plaintiff reasonably believed, based upon representations made by Defendant INC, that it covered structural damage.

16. Even when the NYC Parks and Recreation contacted Defendant INC directly, the City representative specifically put in the email, "If this does not insure the building and things attached to it and made part of, then this is not the coverage we seek."

17. In response to this inquiry, Defendant INC sent an email back stating, "Please find attached the certificate."

18. The proof of insurance for the structure from Defendant INC, dated October 30, 2023, provided an ACORD, identified as Evidence of Property Insurance, showing coverage for $700,850.00.

19. At all times herein, Plaintiff had an insurable interest in the Plaintiff's premises.

**<u>AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION</u>**
**(Breach of Contract against Defendant ACE)**

20. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs with the same force and effect as though fully set forth at length herein.

21. On or about March 25, 2024, while the aforesaid policy was in full force and effect, Plaintiff suffered a loss to the Plaintiff's premises, personal property, and loss of income due to damage alleged, which is a covered cause of loss.

22. Defendant Ace has failed to reimburse Plaintiff for any of the damages suffered to Plaintiff's premises, personal property, and loss of income.

23. Although Plaintiff timely submitted a claim to Defendant Ace under the policy of insurance, Defendant Ace failed to pay the aforesaid loss, although duly demanded.

24. By letter dated December 10, 2024, Defendant Ace issued a Declination of Coverage, denying each and every claim of the Defendant.

25. Plaintiff has complied with all of the conditions precedent and subsequent pursuant to the terms of the subject policy of insurance.

26. Defendant Ace's failure to compensate Plaintiff for the damage suffered to Plaintiff's premises, personal property, and loss of income constitutes a breach of contract.

27. Upon information and belief, Defendant INC is an agent of the Defendant.

28. To the extent that there is a deficiency in coverage due to the negligence on the part of Defendant INC, and it is determined that Defendant INC is an agent of Defendant Ace, such negligence would be attributable and/or imputed to the Defendant Ace.

29. As a result of said breach, Plaintiff suffered damages in an amount to be determined but believe to exceed Seven Hundred Fifty Thousand ($750,000.00) dollars.

**AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION**
**(Negligence against Defendant INC)**

30. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs with the same force and effect as though fully set forth at length herein.

31. Upon information and belief, Defendant was and is licensed to sell insurance within the State of New York.

32. Plaintiff relied upon the Defendant INC to procure adequate and necessary insurance coverage for the Subject Premises.

33. Defendant INC negligently performed its duties in procuring adequate and necessary insurance.

34. As a result of the Defendant INC's negligence, the Plaintiff suffered an insurable loss for which it was not fully indemnified.

35. Defendant INC's negligence was the direct and proximate cause of the Plaintiff's loss.

36. Defendant INC owed a duty to perform its services in a reasonable and professional manner.

37. To the extent that there are damages to Plaintiff's premises that are not covered by Defendant Ace due to failing to obtained requested coverage, that is the direct and proximate result of Defendant INC's negligence.

38. To the extent that there is a deficiency in coverage due to the negligence on the part of Defendant INC, and it is determined that Defendant INC is an agent of Defendant Ace, such negligence or breach of duty would be attributable and/or imputed to the Defendant Ace.

39. Upon information and belief, to the extent Defendant INC is a broker with respect to the subject policy(ies), Defendant INC's relationship with Plaintiff constituted a special relationship between the parties.

40. As a result of said negligence, Plaintiff suffered damages in an amount to be determined but believe to exceed Seven Hundred Fifty Thousand ($750,000.00) dollars.

**WHEREFORE**, Plaintiff demands judgment on the First Cause of Action for breach of contract against Defendant ACE in an amount to be determined but believe to exceed Seven Hundred Fifty Thousand ($750,000.00) dollars; on the Second Cause of Action against Defendant INC in an amount to be determined but believe to exceed Seven Hundred Fifty Thousand ($750,000.00) dollars; together with interest from the date of loss of March 25, 2024, including costs and disbursements and for such other and further relief as to which this Court deems just and proper.

Dated: Kew Gardens, New York
August 20, 2025

HIRSCHEL PLLC
*Attorneys for Plaintiff*

By: /s/Daniel Hirschel
Daniel Hirschel
124-19 Metropolitan Avenue
Kew Gardens, New York 11415
(516) 742-7070